IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT GREENEVILLE

**CENTURY SURETY COMPANY,**

    **Petitioner,**

Vs.            **Docket No.:**_____
               **Judge:**_____
**THOMCRETE CONSTRUCTION, INC.,**
**TRAVELERS CASUALTY AND**
**SURETY COMPANY OF AMERICA, and**
**JEFF BARGER INSURANCE d/b/a**
**BARGER INSURANCE GROUP,**

    **Respondents.**

---

### PETITION FOR DECLARATORY JUDGMENT
---

  Comes now Petitioner Century Surety Company, pursuant to the Federal Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure, and for its Petition for Declaratory Judgment, states and shows unto this Court as follows:

  1. Petitioner Century Surety Company is a business located in the State of Ohio with its principal place of business located at 2400 Corporate Exchange Drive, Suite 290, Columbus, Ohio 43231.

  2. Respondent Thomcrete Construction, Inc. is a Tennessee Corporation with its principal place of business located at 1920 Brookside Lane, Kingsport, Tennessee 37660.

  3. Respondent Travelers Casualty and Surety Company of America is a corporation licensed to do business in the State of Tennessee with its principal place of business located in Bloomfield, Connecticut.

4. Respondent Jeff Barger Insurance d/b/a Barger Insurance Group is a Tennessee corporation with its principal place of business located at 106 Ferrell Avenue, Suite 6, Kingsport, Tennessee 37663-2371.

5. Petitioner brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

6. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Respondents reside.

7. Petitioner issued its Commercial Lines Policy, number CCP772117 (a copy of which is attached hereto as **Exhibit 1**), to Jeff Barger Insurance d/b/a Barger Insurance Group (hereinafter "Barger") with effective dates of August 1, 2012 through August 1, 2013. The policy additionally contains a "Retroactive Date" of August 1, 2011.

8. On October 5, 2012, a Complaint was filed by Thomcrete Construction, Inc. against Travelers Casualty and Surety Company of America and The Barger Group, LLC in the Chancery Court for Sullivan County, Tennessee bearing docket number K0038553(b). In its Complaint, Thomcrete Construction, Inc. seeks damages in excess of $10,000,000.00 (a copy of which is attached hereto as **Exhibit 2**).

9. Respondent Barger thereafter demanded that Petitioner provide a defense and indemnity for the above-referenced litigation pursuant to the terms of the Commercial Lines Policy issued by Petitioner to Barger.

10. Petitioner contends and asserts that it has no duty to defend or indemnify Respondent Barger under its policy, numbered CCP772117, in relation to the litigation initiated by Thomcrete Construction, Inc. against Respondent Barger in the Chancery Court of Sullivan County, Tennessee. As such, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

11. Petitioner Century Surety Company's policy of insurance states in part:

**I.  INSURING AGREEMENT, SUPPLEMENTARY PAYMENTS AND COVERAGE EXTENSIONS**
**A.  Insuring Agreement**
The "Company" shall pay on behalf of the "Insured" all "Claim Expenses" and "Damages", in excess of the Retention stated in the Declarations, that the "Insured" becomes legally obligated to pay as a result of a "Claim" for a "Wrongful Act"; provided that:
1. the "Claim" is first made against the "Insured" during the "Policy Period" or any applicable "Extended Reporting Period";
2. the "Claim" is reported to the "Company" pursuant to Section **VIII**. of this policy form; and
3. the "Wrongful Act" is committed on or after the "Retroactive Date" and before the end of the "Policy Period".

A "Claim" shall be considered first made when it is received by any "Insured". All "Claims" arising out of the same "Wrongful Act" or "Related Wrongful Acts" shall be considered a single "Claim" and shall be deemed to be first made on the date on which the earliest "Claim" arising out of such "Wrongful Act" is made, regardless of whether such date is before or during the "Policy Period".
. . .

**II.  DEFINITIONS**
. . .
**G.**  "Claim" means a demand received by any "Insured" for monetary or non-monetary relief and alleging a "Wrongful Act". . . .
. . .
**L.**  "Damages" means
1. any compensatory sum including any:
    a. monetary judgment, award (including award of attorney's fees) or settlement;
    b. pre-judgment and post-judgment interest awarded by the court; or
    c. court costs taxed against the "Insured" in the "Suit".
2. "Damages" shall also include the multiplied portion of any multiplied damage award and punitive or exemplary damages where insurable by law.

3. "Damages" shall not include:
   a. fines or penalties imposed by law, except as noted in **1.a.**; **1.b.** and **1.c.** above;
   . . .
**O.** "Extended Reporting Period" means the applicable period of extension of coverage described in Section **IX**. of this policy form.
. . .
**S.** "Insurance Services Wrongful Act" means any actual or alleged act, error, omission or "Personal Injury" committed or attempted by an "Insured", or by any other person for whom the "Named Insured" is legally liable, solely in the performance of or failure to perform "Professional Services".
. . .
**NN.** "Wrongful Act" means an "Insurance Services Wrongful Act" or "Technology or Media Services Wrongful Act".

**III. EXCLUSIONS**
This "Policy" shall not apply to any "Claim":
A. based upon or arising out of any:
   1. fraudulent act or omission by any "Insured", any willful violation of the law by any "Insured", or
   2. the gaining in fact of any personal profit or advantage to which any "Insured" is not legally entitled.
   However, this exclusion shall not apply unless it is finally adjudicated that such conduct in fact occurred. For purposes of this exclusion, the "Wrongful Act" of any "Individual Insured" shall not be imputed to any other "Individual Insured" to determine the availability of coverage. . .

12. The allegations of the underlying complaint assert causes of action against Respondent Barger of breach of contract and misrepresentation. Specifically, the underlying complaint alleges that Respondent Barger made misrepresentations regarding the issuance, terms and coverages of a contract of insurance procured by Thomcrete Construction, Inc. from Respondent Barger through Travelers Casualty and Surety Company of America.

13. Thomcrete procured the Travelers policy through Respondent Barger in January 2011.

14. Pursuant to the terms and conditions of the above-referenced Commercial Lines Policy, and the facts alleged in the underlying complaint filed by Thomcrete

Construction, Inc., Petitioner contends that it owes Respondent Barger no duty of defense or indemnity in that cause or to otherwise provide coverage in any respect for any liability imposed on Respondent Barger as a result of said action. Specifically, Petitioner asserts that the wrongful acts of Respondent Barger giving rise to the complaint filed by Thomcrete Construction, Inc. occurred prior to the retroactive date of the Commercial Lines Policy and therefore fall outside of the coverage dates of the policy at issue. To the extent that the actions of Respondent Barger alleged in the underlying complaint fall within the effective dates of this policy, Petitioner contends that no coverage exists in the form or a duty to defend or duty to indemnify based upon the exclusionary language of Exclusion A for fraudulent acts or omissions. Petitioner further asserts that no coverage exists under the aforementioned policy of insurance, either in the form of a duty to defend or duty to indemnify, pursuant to any and all terms of the insurance policy which may be applicable to the present case.

WHEREFORE, PREMISES CONSIDERED, Petitioner Century Surety Company prays:

1. That process issue and be served upon the Respondents requiring each of them to answer this Petition for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Petitioner and Respondents by reason of the aforesaid policy of insurance;

3. For a declaration that Petitioner is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Respondent Jeff Barger Insurance d/b/a Barger Insurance Group or any other party-defendant in the action filed by Thomcrete

Construction, Inc. in the Chancery Court of Sullivan County, Tennessee bearing docket number K0038553(b);

4. For a declaration that no indemnity is afforded under the insurance policy issued to Respondent Jeff Barger Insurance d/b/a Barger Insurance Group, policy number CCP772117, for the claims and demands made in the action filed by Thomcrete Construction, Inc. in the Chancery Court of Sullivan County, Tennessee bearing docket number K0038553(b);

5. For the costs of this cause; and

6. For such other relief to which Petitioner may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: /s/ R. Dale Thomas
R. DALE THOMAS (#013439)
BRADFORD D. BOX (#16596)
*Attorneys for Century Surety Company*
209 E. Main Street
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414